IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Cynthia Q., | ) |
|     *Plaintiff*, | ) |
| | ) Case No. 3:22-cv-50401 |
| v. | ) |
| | ) Magistrate Judge Lisa A. Jensen |
| Martin O'Malley | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     *Defendant*. | ) |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, Plaintiff's motion to alter or amend judgment [27] is denied.

**I. BACKGROUND**

In February 2024, this Court granted the Commissioner's motion for summary judgment and denied Plaintiff's motion for summary judgment. In affirming the Commissioner's decision finding Plaintiff not disabled, this Court concluded that the ALJ's subjective symptom analysis was not patently wrong, and that the ALJ's residual functional capacity ("RFC") determination was supported by substantial evidence. *See generally* Dkt. 25 ("Opinion"). Plaintiff timely filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). Dkt. 27. The Commissioner filed a response, and Plaintiff filed a reply. Dkts. 29–30.

**II. STANDARD OF REVIEW**

"A Rule 59(e) motion can be granted only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Barrington Music Prods., Inc. v. Music & Arts Center*, 924 F.3d 966, 968 (7th Cir. 2019) (internal quotation marks and citation omitted). "A manifest error occurs when the district court commits a wholesale disregard, misapplication, or failure to recognize

1

controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotation marks and citation omitted).

Relief under Rule 59(e) is an extraordinary remedy that should only be granted in rare cases. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Rule 59(e) is not "a vehicle for recycling arguments that the Court has previously rejected." *Keiber v. Astrue*, No. 08 CV 2616, 2010 WL 3001958, at *1 (N.D. Ill. July 29, 2010). The decision to grant or deny a Rule 59(e) motion is reviewed for an abuse of discretion. *Burritt*, 807 F.3d at 252.

### III. DISCUSSION

Plaintiff requests that this Court alter its judgment, arguing it was a manifest error of law to affirm the ALJ's subjective symptoms analysis and RFC determination. However, Plaintiff has failed to show any manifest error in this Court's decision where she rehashes the same arguments that this Court rejected when denying her motion for summary judgment.

As to the ALJ's subjective symptoms analysis, Plaintiff argues that the ALJ applied the wrong legal standard when he noted that her "statements about the intensity, persistence and limiting effects of her symptoms [ ] are inconsistent because the records do not support a complete loss of function." Dkt. 27 at 3 (citing R. 25). Plaintiff also argues that the ALJ did not properly evaluate all the SSR 16-3p factors when discounting Plaintiff's complaints of pain.

In affirming the ALJ's decision, this Court rejected both of Plaintiff's arguments. *See* Opinion at 4–8. First, this Court concluded that although the ALJ stated that Plaintiff's medical records did not show a complete loss of function, this statement was not an application of an incorrect legal standard, but simply a statement that the record did not support a finding of disability. The Commissioner made this argument in response to Plaintiff's motion for summary judgment, and Plaintiff did not respond to the Commissioner's argument in her reply brief.

2

Nevertheless, Plaintiff again raises this issue in the instant motion but fails to argue how this Court's determination was a manifest error of law. To show that the Court erred, Plaintiff must do more than disagree with the ALJ's or the Court's reasoning, she must point to specific law that the Court overlooked or misapplied. *See Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

Second, this Court concluded that the ALJ applied the correct standard in evaluating Plaintiff's statements about her symptoms and adequately explained how he considered the SSR 16-3p factors. In her motion for summary judgment, Plaintiff argued that the ALJ "provided **no** discussion" of the relevant regulatory factors when evaluating Plaintiff's subjective symptoms. Dkt. 19 at 10 (emphasis in original). In rejecting this argument, this Court found that the ALJ discussed Plaintiff's course of treatment, her reported level of pain, the objective medical evidence, and functional limitations. The ALJ concluded that, while Plaintiff's course of treatment supported her allegations of pain, medical records indicated that her treatment was more helpful in alleviating her pain than she alleged. For example, the ALJ pointed out that after Plaintiff's permanent spinal cord stimulator was inserted in July 2021, Plaintiff reported that she had no back pain and no more left flank pain. R. 25, 653. The following month her neurosurgeon released her from his care with "no restrictions." R. 25, 652.

Accordingly, in the instant motion, Plaintiff no longer argues that the ALJ failed to discuss any of the regulatory factors. Instead, Plaintiff argues that the ALJ focused too much on the objective medical evidence while failing to address Plaintiff's reported difficulties with activities of daily living. Plaintiff points out that the ALJ cannot reject her subjective symptoms of pain solely because they are not supported by objective medical evidence. But, as Plaintiff acknowledges, inconsistency with the objective medical evidence is one of the factors that the ALJ

3

can, and did, consider in this case. Plaintiff seems to merely disagree with the weight the ALJ afforded to this factor in the analysis but fails to point to any error on the ALJ's part.

Plaintiff also takes issue with this Court's statement that the ALJ was not required to discuss every regulatory factor, including Plaintiff's activities of daily living, when evaluating her subjective symptoms. Opinion at 7 (citing *Elder v. Astrue*, 529 F.3d 408 (7th Cir. 2008)). However, Plaintiff does not point to Seventh Circuit case law undermining this statement. Instead, Plaintiff purports to factually distinguish *Elder*, along with other cases this Court cited in support. Yet, the Court did not rely on the facts of these cases to reach its conclusion. Rather, the Court cited to those cases to support that a court will only overturn an ALJ's subjective symptoms determination if it is "patently wrong," which means that the determination "lacks *any* explanation or support." *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014) (emphasis added) (citing *Elder*, 529 F.3d at 413–14).

As the Court discussed in its Opinion, the ALJ's decision was adequately explained and supported. *See* Opinion at 4–8. That Plaintiff believes the ALJ should have weighed the regulatory factors differently when evaluating her subjective symptoms, without more, is not grounds for reversal. *See, e.g., Jones v. Astrue*, 623 F.3d 1155, 1162 (7th Cir. 2010) ("Jones must do more than point to a different conclusion that the ALJ could have reached to demonstrate that the credibility determination was patently wrong."); *Rabdeau v. Kijakazi*, No. 22-CV-674, 2023 WL 5672596, at *9 (W.D. Wis. Sept. 1, 2023) ("Rabdeau's activities of daily living are but one factor under SSR 16-3p, and ALJ Freyberg provided substantial evidence to support his conclusion that Rabdeau's subjective allegations were inconsistent with her record as a whole."). It may be that "the ALJ's [subjective symptom] determination was not flawless," but "it was far from 'patently wrong.'" *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009).

4

As to the ALJ's RFC determination, Plaintiff argues that the ALJ impermissibly played doctor when he rejected the state agency physicians' recommendation of light work and determined that Plaintiff was restricted to sedentary work without adopting a particular medical opinion to support that determination. In affirming the ALJ's decision, this Court explained that the ALJ gave specific reasons for why he rendered an RFC that was more restrictive than that which the state agency physicians recommended. Opinion at 8–9. Specifically, the ALJ's decision to limit Plaintiff to sedentary work with additional postural limitations was based on Plaintiff's statements and her medical records, which indicated that she experienced transient pain after the placement of the permanent spinal cord stimulator. *Id*. Moreover, this Court found it significant that Plaintiff did not offer any medical opinion recommending RFC limitations greater than those found by the ALJ. Opinion at 11–12 ("[W]hen no doctor's opinion indicates greater limitations than those found by the ALJ, there is no error.") (citing *Dudley v. Berryhill*, 773 F. App'x 838, 843 (7th Cir. 2019) (unpublished)).

Still, Plaintiff insists that it was illogical for the ALJ to reduce her to sedentary work based on her testimony about her pain, but not accept her testimony that she was completely disabled. But the Court sees no logical problem here where Plaintiff points to no evidence that the ALJ ignored or misconstrued that compelled a finding of disability. As the ALJ noted, because the medical evidence corroborated Plaintiff's testimony about the transient nature of her pain, the ALJ reduced her to sedentary work. R. 26. In other words, the ALJ relied on more than just Plaintiff's testimony to construct the RFC. The medical record did not, however, support Plaintiff's allegations that she was completely disabled.

5

Although Plaintiff disagrees with both the ALJ's and the Court's analysis, she has not established that the Court committed a manifest error of law or fact in affirming the ALJ's decision.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to alter or amend judgment [27] is denied.

Date: July 8, 2024                    By: /s/ Lisa A. Jensen
                                           Lisa A. Jensen
                                           United States Magistrate Judge